UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL CIMINO | Case Number |
| Plaintiff, | |
| vs. | |
| CLIENT SERVICES, INC. | CIVIL COMPLAINT |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Paul Cimino, by and through his undersigned counsel, Bruce K. Warren, Esq. of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Paul Cimino (hereinafter "Plaintiff"), is an adult individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here. Additionally, the Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Paul Cimino, is an adult individual and citizen of the State of New Jersey, residing at 42 Longbow Drive, Sewell NJ 08080.

5. Defendant, Client Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey with its principal place of business located at 3451 Harry Truman Boulevard, St. Charles MO 63301.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Plaintiff, Paul Cimino, allegedly incurred a debt for primarily personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a payday loan owed to Norwood Group Inc.

8. On or about October 31, 2008, Defendant sent Plaintiff a collection notice stating that Plaintiff owed Norwood Group Inc. an amount of $374.75. See notice appended hereto and marked "**EXHIBIT A**".

9. Plaintiff recognized Norwood Group Inc. as a company that had issued him a payday loan in or around the end of May 2008. The original amount of the payday loan was $100.00 and the interest totaled $25.00

10. Plaintiff paid the original loan and interest in full on June 13, 2008 as shown by his PNC Bank statement appended hereto and marked "**EXHIBIT B**".

11. Commencing in November 2008, Defendant, by and through its agents, including but not limited to Wayne Greene, began to harass and abuse Plaintiff by way of telephone communications.

12. In the beginning of January 2009, Defendant left a message on Plaintiff's cell phone regarding the alleged debt.

13. Plaintiff called Defendant on January 9, 2009 to request more information and to dispute the alleged debt.

14. Plaintiff spoke to Defendant's agent, Wayne Greene, who stated that he was the "manager".

15. Defendant's agent, Mr. Greene proceeded to tell Plaintiff that Norwood Group had placed the account with his office as a "breach of contract" and that their records indicated that Plaintiff "refused to pay".

16. Additionally, Mr. Greene informed Plaintiff if Defendant wasn't able to "voluntarily collect the money, we'll make an unfavorable recommendation that they get the money involuntarily".

18. Defendant's agent, Mr. Greene told Plaintiff he would have to get an attorney. When Plaintiff questioned why he would need an attorney, Mr. Greene replied, "They want their money sir. Guess what, best of luck."

19. Defendant's agent, Mr. Greene continued to demand payment from Plaintiff even after Plaintiff stated that he was sure that he had paid back the alleged debt. Mr. Greene offered payment options, completely ignoring that fact that Plaintiff disputed the debt.

20. Plaintiff explained to Defendant's agent, Mr. Greene that he was on disability and had no extra money at the time. Plaintiff asked Mr. Greene that a breakdown of the exorbitant charges be mailed to him.

21. Defendant's agent, Mr. Greene stated, "They've already done that sir. They mailed to the 42 Longbow Drive address in New Jersey." Plaintiff responded that he had never received a correspondence with a breakdown of the additional charges.

22. Defendant's agent, Mr. Greene told Plaintiff that no one was going to mail Plaintiff any more documents and he would be making an unfavorable recommendation to his client that they get their money involuntarily. Mr. Greene went on to state that Plaintiff would need to contact an attorney.

23. Defendant's agent, Mr. Green stipulated that Plaintiff had until noon the next day to call Defendant back. Plaintiff pointed out that he had called Defendant back and asked, "What if I hadn't called you today?" Mr. Greene stated that Defendant would make "the unfavorable recommendation to get the money involuntarily".

24. Plaintiff asked what Defendant's agent, Mr. Greene meant by involuntarily. Mr. Greene replied, "Voluntarily is you voluntarily give the money back. Involuntarily is you would have to question an attorney."

25. Defendant's agent further stated, "This is real simple, Paul. It's time to talk about money. I gave you till tomorrow at noon. Do you have any other questions?"

26. Defendant's agent, Wayne Greene ended the telephone call by stating, "Assuming I don't here back from you, I will be making an unfavorable recommendation that my client get the money involuntarily. Good luck Paul."

27. Despite Mr. Greene's threats to make an unfavorable recommendation to "his" client, Defendant has continued to attempt to contact Plaintiff by way of telephone communication.

28. Notwithstanding the above, Defendant and its agents have willfully and negligently ignored Plaintiff's dispute of the alleged debt.

29. Neither Defendants nor Defendant's client have sued Plaintiff, nor do they intend to sue Plaintiff in regards to the alleged debt, therefore the intentional deceptions on the part of the Defendant are in violation of the FDCPA.

30. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

31. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

32. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions wit tin compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

33. At all times pertinent hereto, Defendant was acting by and through it's agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

34. At all times pertinent hereto, the conduct of Defendant as well as it's agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

35. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer the same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I
### FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

36. Plaintiff repeats, re-alleges and incorporates herein the foregoing allegations.

37. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

38. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of §§ 1692c(a)(1), d, d(2), d(5), d(6), e, e(2), e(5), e(7), e(10), e(11), f and g(b).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, CLIENT SERVICES, INC., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act.

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

E.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date:  May 7, 2009          BY:     /s/Bruce K. Warren
                                    Bruce K. Warren, Esquire
                                    Warren & Vullings, LLP
                                    1603 Rhawn Street
                                    Philadelphia, PA  19111
                                    215-745-9800   Fax 215-745-7880
                                    Attorney for Plaintiffs